Date signed October 27, 2005



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
at Baltimore

| | |
|---|---|
| **In re:** : | |
| : | |
| **Kyle Smith** : | **Case No.: 05-12650DK** |
| : | **Chapter 7** |
| **Debtor.** : | |
| : | |
| **Kyle Smith** : | |
| : | |
| **Debtor** : | |
| : | **Adversary Proceeding No.: 05-1253** |
| **v.** : | |
| : | |
| **Primus Automotive Financial** : | |
| : | |
| **Creditor** : | |

**MEMORANDUM OPINION**

Before the court is a Motion for Summary Judgment filed by Debtor Kyle Smith ("Debtor"), the debtor in a Chapter 7 bankruptcy case. Primus Automotive Financial ("Creditor"), a creditor in said bankruptcy case, has responded to the Motion. The court finds that the facts and arguments are adequately set forth in the Motion and case record and that a hearing would not aid the decisional process.

Debtor filed a Complaint for Return of Funds Paid as a Preference ("Complaint"), which instituted this adversary proceeding. In the Complaint, Debtor seeks a judgment to recover funds

from a pre-petition garnishment made by the Creditor on the Debtor's checking account. On June 7, 2005, a pretrial conference was held during which the court stayed further proceedings pending a decision on the Motion for Summary Judgment.[1] For the following reasons, the Debtor's Motion for Summary Judgment is granted.

Debtor moves for Summary Judgment under Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 7056. To prevail on her motion for summary judgment, Debtor must establish the absence of genuine issues of material fact and that she is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In considering a motion for summary judgment the court must view all permissible inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Summary judgment is appropriate only if, taking the record as a whole, a rational trier of fact could not possibly return a verdict in favor of the non-moving party (Creditor). See id.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If Debtor carries her burden, Creditor may not rest on the allegations in its pleading, but must produce sufficient evidence that demonstrates that a genuine issue exists for trial.

As provided in a Joint Stipulation of Facts filed in this adversary proceeding, on February 24, 2003, Creditor obtained against Debtor a judgment in the District Court of Maryland for Howard County in the amount of $6,702.96. Creditor then filed with the same court a request to garnish funds in the Debtor's checking account at M&T Bank ("Garnishee"). A writ of garnishment was served upon Garnishee, which subsequently filed a Confession of Assets of Property Other Than

---

[1] After entry of the Order Staying Proceedings, Creditor filed its motion for summary judgment. For reasons stated in this Memorandum Opinion, and because the court is entering summary judgment in favor of Debtor, the Creditor's motion for summary judgment will be denied by separate Order.

2

Wages, indicating it was holding $914.17 in Debtor's funds. On December 8, 2004, Debtor and Creditor executed a Consent to Disbursement, authorizing Garnishee to release the $914.17 to Creditor. On December 13, 2004, Garnishee released the funds to Creditor, who then, as agreed to under the terms of the Consent to Disbursement, dismissed the Request for Garnishment.

Debtor subsequently filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code on February 8, 2005. In her petition, Debtor identified the judgment in the Statement of Financial Affairs and listed the funds garnished on her Schedule C exemptions. On March 11, 2005, Debtor filed with this Court a Complaint for Return of Funds Paid as a Preference, requesting the return of funds paid to the Creditor via the garnishment of her checking account. The Debtor's Complaint seeks a determination that the funds paid to the Creditor are avoidable.[2] However, it is Section 522(g) and (h) which grants and limits a debtor's right to stand in the shoes of the trustee to avoid a transfer that the trustee could have avoided pursuant to Section 547. That issue of standing is the basis of the Creditor's opposition to the motion for summary judgment.

Subsection (g) of 11 U.S.C. § 522 provides:

Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if --
(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
(B) the debtor did not conceal such property; or

---

[2] Debtor asserts in her Complaint that the court should avoid the transfer of funds pursuant to Section 547 (b) which provides that the trustee may avoid any transfer of an interest of the debtor in property if the transfer was made: a) to or for the benefit of a creditor; b) for or on account of an antecedent debt owed by the debtor before such transfer was made; c) while the debtor was insolvent; d) within ninety days before the filing of the petition; and e) such payment enables the creditor to receive more than said creditor would receive if the transfer had not been made.

>   (2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

11 U.S.C. 522(g).  Section 522(h) further provides:

>   The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if -
>   (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
>   (2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h).

The requirement set forth in 522(h), "to the extent that the debtor could have exempted such property under Subsection (g)(1) of this section" limits the debtor's standing to bring the avoidance action to cases in which the avoidable transfer was not a voluntary transfer of such property by the debtor and the debtor did not conceal such property.

In opposition to Debtor's Motion for Summary Judgment, Creditor asserts that by signing the Consent to Disbursement, the transfer was a voluntary transfer made by Debtor and therefore Debtor has no standing to bring an avoidance action that could have been brought by the Trustee. In response, Debtor filed an affidavit of justification stating that her signature upon the Consent to Disbursement was not voluntary, asserting that only by such signature could she regain the use of her checking account. In reply, Creditor asserts that the affidavit should not be considered, arguing, in effect, that the parole evidence rule would bar consideration by the court of such extrinsic evidence.

However, the court finds that the question of whether Debtor voluntarily or involuntarily signed the Consent to Disbursement is not determinative of the preference action brought by Debtor and upon which Debtor seeks summary judgment. Overlooked by the parties is the fact that the transfer of an interest in the account from Debtor to Creditor occurred by the service of the writ of

4

garnishment upon Garnishee as the depository bank, and not at the time of the subsequent signature of the Consent to Disbursement. There are no disputed facts as to the events of the creation and service of the writ of garnishment and accordingly, summary judgment is appropriate in this case.

For purposes of invoking the avoidable preference doctrine as set forth in Section 547 of the Bankruptcy Code, a transfer of an interest that the debtor holds in property to a creditor occurs when that creditor acquires such rights that would survive a competing creditor's claim including a hypothetical judicial lien creditor. National Lithograph, Inc. V. National Quick Print, Inc., 103 B.R. 107, 108 (Bankr. Md. 1989); Chambers v. Pickard (In re Wayne), 237 B.R. 506, 509 (Bankr. M.D. Fla. 1999); In re Lewis, 116 B.R. 54, 55 (Bankr. D. Md. 1990); In re Conner, 733 F.2d 1560, 1562 (11th Cir. 1984). State law will ordinarily both define a debtor's interest in property and the required actions for a creditor to obtain a lien upon such property interest. See Barnhill v. Johnson, 503 U.S. 393, 398 (1992)("In the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law."); Butner v. United States, 440 U.S. 48, 55 (1979); Lasalle Nat'l Bank v. Price (In re Price), 305 B.R. 240, 242 (Bankr. D. Md. 2003); In re Greathouse, 295 B.R. 562, 563 (Bankr. D. Md. 2003); Matson v. Grease Monkey Int'l, Inc. (In re BEV of Virginia, Inc.), 237 B.R. 311, 314 (Bankr. E.D. Va. 1998) ("An 'interest of the debtor in property' is not defined by the code. State law determines whether an interest in property exists which can be transferred.")(citing American Bankers Ins. Co. v. Maness, 101 F.3d 358, 363 (4th Cir. 1996).

In Maryland, to obtain a lien against personal property, the judgment holder must execute. Section 11-403 of the Courts and Judicial Proceedings Article of the Maryland Code provides:

> A writ of execution on a money judgment does not become a lien on the personal property of the defendant until an actual levy is made. The lien extends only to the property included in the levy.

MD. CODE ANN., CTS. & JUD. PROC. § 11-403 (2002 Repl. Vol.). See In re National Quick Print, Inc.,

5

103 B.R. at 108-09; Howard County, Maryland v. Fred W. Allnutt, Inc., 74 Md. App. 422, 426 (1988). Garnishment is a method by which a judgment holder may execute. In Northwestern Nat'l Ins. Co. v. William G. Wetherall, Inc., 267 Md. 378 (1972), the Court of Appeals of Maryland stated, "An attachment by way of garnishment issued after judgment is a mode of execution and its function is approximately the same as that of a writ of fieri facias." Id. at 384. See also, Parkville Federal Sav. Bank v. Maryland Nat. Bank, 343 Md. 412, 524 (1996); Harbor Bank of Maryland v. Hanlon Park Condominium Ass'n Inc., 153 Md.App. 54, 59 (2003). An attachment by way of garnishment is used to create a judgment lien upon the debtor's interest in property held by a third party, including the debtor's interest in a debt owed to the debtor by a third party. Harbor Bank of Maryland, 153 Md.App. at 58. In the latter situation, the lien is created when the writ of garnishment is issued by the court in which the judgment is entered or recorded and the writ is served upon the party that is obligated to pay the debt to the debtor (hereinafter referred to as the "Obligor").

A deposit account at a financial institution, such as the Debtor's checking account at M&T Bank, is not a bailment of cash but rather is a contract under which the bank is obligated to pay to the account customer the amount commonly referred to as the account balance, upon a legally sufficient demand by the customer.[3] In re Wayne, 237 B.R. at 508 ("A bank deposit merely constitutes a chose in action or a right to money. . . .The depository owes a debt in the amount of the funds deposited back to the party opening the account.")(citation omitted); Dunlop Sand & Gravel Corp. v. Hospelhorn, 172 Md. 279 (1937). Therefore, a writ of garnishment when served on a depository bank, creates a lien on the obligation owed by the bank to its customer. The lien of the judgment creditor is perfected

---

[3] Such demand may be the creation and delivery of a check drawn upon the account and the subsequent presentation of that check either directly by the payee or through intermediary transferees as provided for under Article 4 of the Uniform Commercial Code codified in Maryland as Section 3-501 of the Commercial Law Article of the Annotated Code of Maryland.

when the writ is served upon the Obligor. This event establishes the right of the judgment creditor as against any competing subsequent creditor.[4]

As demonstrated by this analysis, the transfer which Debtor seeks to avoid occurred at the time of the service of the writ of garnishment upon Garnishee. There is no question that a transfer of a property interest of a debtor by garnishment is an involuntary transfer of property. As stated in Berman v. Forti, 232 B.R. 653, 656 (D.Md. 1999), in finding that even where the underlying debt arose by consent judgment, the act of attaching the lien is an involuntary transfer of property for purposes of 11 U.S.C. § 522(g), the court noted that "bankruptcy courts have concluded that an involuntary transfer 'occurs when the property is transferred by operation of law, such as by means of an execution of judgment, repossession, or garnishment'".[5] Id. (citations omitted). The subsequent signature by Debtor of a Consent for Disbursement simply streamlined the Creditor's ability to gain actual possession of the account balance garnished. As stated in Berman v. Forti, the issue is "not whether the debtor generally acted in a voluntary manner to end litigation." Id. at 657.[6]

---

[4] Indeed, should the garnishee Obligor pay the account balance or any part thereof to the customer or other creditor in derogation of the lien right established at the time of the service of the writ of garnishment, the Obligor can be compelled to pay the debt again to the garnishing creditor whose writ established a priority right over the persons who received such payment. See Flat Iron Mac Associates v. Foley, 90 Md.App. 281, 292 (1992)("Consequently, if the property possessed by the garnishee, after service but prior to judgment, is not in the hands of the garnishee at the time of the judgment hearing, because the garnishee surrendered the property to the debtor, the garnishee is liable for the value of the debtor's property which came into her hands from the time she was served with the writ until the time of the hearing, and a judgment in personam will be rendered against the garnishee for any deficiency."). But see Harbor Bank of Maryland, 153 Md.App. at 58-59 (noting at least one exception to the general rule giving Bank reasonable time to act where Bank turned over funds to third-party upon presentation of a check less than three hours after being served with writ of garnishment).

[5] There is no factual issue or dispute that Debtor did not conceal the account property and so this requirement of Section 522(g) is also met.

[6] Because under Maryland law, a writ of garnishment upon a bank account not only captures the debt owed by the bank to its customer as of the date of service, but any increase in

7

Under Maryland law, after the confession of the asset by the garnishee, the debtor and competing parties have the opportunity to defend against the garnishment. However, the lien of garnishment is established as of the date of the service of the writ as stated above, not upon any subsequent order denying any challenge mounted by the debtor or third parties. This waiver by Debtor through the Consent to Distribution did not create the transfer, the interest of Creditor having already been established under Maryland law. Therefore, this court holds that the signature by Debtor of the Consent to Distribution did not transform what was undoubtedly an involuntary transfer to one that was voluntary for purposes of the application of Section 522(g).

In conclusion, the court holds that there is no dispute of material fact. Debtor has standing pursuant to Section 522(h) and its incorporated requirement under 522(g)(1) to bring this preferential transfer avoidance action. There is no dispute among the parties that all of the requirements of 11 U.S.C. § 547(b) exist under the undisputed facts as to the collection action described. Accordingly, the court will grant summary judgment to Debtor and against Creditor avoiding the transfer by garnishment and will enter a judgment for that amount against Creditor and in favor of Debtor pursuant to 11 U.S.C. § 550.

---

account balance by subsequent deposits to that account until the entry of the Order of Condemnation, the debtor may have had a practical reason to waive the opportunity to defend against the garnishment in order to hasten the extinction of the writ by the payment of the funds garnished. Messall v. Suburban, 244 Md. 502, 507 (1996); Flat Iron Mac Assocs., 90 Md.App. at 290-91 (1992).

cc:  Kyle Smith - Debtor
 Andrew G. Wilson, Esq. - Debtor's Counsel
 Primus Automotive Financial, Inc. - Creditor
 Michael J. Klima, Jr. - Creditor's Counsel
 Joel I. Scher - chapter 7 Trustee

**End of Memorandum**